GABRIEL M. RAMSEY (STATE BAR NO. 209218)
gramsey@orrick.com
JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:  +1-415-773-5700
Facsimile:  +1-415-773-5759

MICHAEL C. TU (STATE BAR NO. 186793)
mtu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  +1-213-629-2020
Facsimile:  +1-213-612-2433

Attorneys for Plaintiffs
OOO Brunswick Rail Management and
Brunswick Rail Group Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OOO BRUNSWICK RAIL MANAGEMENT, a Russian limited liability company, and BRUNSWICK RAIL GROUP LIMITED, a Bermuda company,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD SULTANOV and PAUL OSTLING, individuals,<br><br>Defendants. | Case No. CV 1700017<br><br>ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS 1-5 TO THE DECLARATION OF ELENA NAUMOVA IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, EVIDENCE PRESERVATION AND EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION<br><br>Date:<br>Time:<br>Dept:<br>Judge: |

Pursuant to Civil L.R. Civil 79-5, Fed. R. Civ. P. 26(c)(1), and the Court's February 12, 2015 Standing Order for Civil Trials ("Standing Order"), Plaintiffs OOO Brunswick Rail Management ("BRM") and Brunswick Rail Group ("BRG") (collectively, "Brunswick" or "Plaintiffs") hereby move this Court to grant the Administrative Motion to File Under Seal Portions of Exhibits 1-5 to The Declaration of Elena Naumova in Support of *Ex Parte* Application For Temporary Restraining Order, Seizure Order, Evidence Preservation And Expedited Discovery, And Order To Show Cause Re Preliminary Injunction Under Seal (the "Motion"). Specifically, the exhibits consist of:

1. Defendant Paul Ostling's ("Ostling") Employment Agreement with Brunswick;
2. Brunswick's Internal Confidentiality Policy;
3. Brunswick's Internal IT Use Policy;
4. Brunswick's Internal Information Security Policy; and
5. Defendant Richard Sultanov's ("Sultanov") Employment Agreement with Brunswick.

Pursuant to Local Rule 79-5, Plaintiffs submit herewith the Declaration of Elena Naumova in Support of *Ex Parte* Application For Temporary Restraining Order, Seizure Order, Evidence Preservation And Expedited Discovery (the "Naumova Decl.") and the Declaration of Gabriel M. Ramsey in Support of this Administrative Motion to File Under Seal (the "Ramsey Decl.") that set forth the reasons why compelling reasons exist for an order permanently sealing unredacted versions of Exhibits 1-5 of the Naumova Decl., submitted herewith. In particular, Paragraph 36 of the Naumova Decl. establishes the bases for sealing portions of Exhibits 1-5 of the Naumova Decl.

## BACKGROUND

Brunswick has filed a Complaint and an *Ex Parte* Application For Temporary Restraining Order, Seizure Order, Evidence Preservation And Expedited Discovery, And Order To Show Cause Re Preliminary Injunction ("Application for TRO"), along with the accompanying pleadings.

Brunswick seeks *ex parte* relief in its Application for TRO that will cease the irreparable

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ADMINISTRATIVE MOTION
TO FILE UNDER SEAL

harm resulting from the Defendants Paul Ostling's and Richard Sultanov's (collectively "Defendants") misappropriation of Brunswick's trade secrets. Brunswick requests that portions of Exhibits 1-5 of the Naumova Decl. be permanently sealed. Brunswick has submitted unredacted versions of Exhibits 1-5 for filing under seal, and redacted versions of these exhibits to file on the public docket.

## COMPELLING REASONS EXIST FOR SEALING PORTIONS OF EXHIBITS 1-5 OF THE NAUMOVA DECL.

As detailed below and as discussed in Brunswick's Application for TRO, Brief in Support and the evidence submitted in support thereof, incorporated in this Motion by reference, there are compelling reasons to permanently seal confidential portions of Exhibits 1-5 of the Naumova Decl. The sealing order requested by Brunswick is in accord with the exceptions to the general right of access to judicial records and documents. A court may permit a party to preserve judicial records under seal if the party articulates "compelling reasons" for keeping them sealed, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Generally, a party's reasons are sufficiently compelling when the judicial record might become "a vehicle for improper purposes." *Id.*

Where releasing confidential business information that affords a competitive advantage, or disclosure of which would create the risk of a competitive injury, there is a compelling reason sufficient to justify sealing portions of documents posing such risk. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006) (where information sought to be sealed creates risk of significant competitive injury, sealing is appropriate); *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-62 (9th Cir. 2011) (citation omitted) (same, releasing confidential information would cause injury, sealing appropriate); *Karl Storz Endoscopy-America v. Stryker Corp.*, 2016 U.S. Dist. LEXIS 176876, 20-22 (N.D. Cal. Dec. 21, 2016) (same; highly confidential technical information would create risk of harm if disclosed; sealing portions of the relevant document was appropriate under Rule 79-5).

Here, Exhibits 2-4 of the Naumova Decl. reflect Brunswick's internal corporate policies and confidential business information about internal matters that are not made available or

otherwise disclosed to the public. Naumova Decl. ¶ 36. As can be seen from the documents themselves, details of internal security, computer and networking protocols, details regarding staffing concerning staffing, security and access controls, and internal processes regarding investigations and security measures. Brunswick does not publicly disclose these policies as a whole given their confidential and sensitive nature. *Id.* Public disclosure of these materials would harm Brunswick by—among other things—providing an unfair advantage to Brunswick's competitors or other adversaries, if they were to have access to such internal corporate information regarding the details of security processes, staffing and protocols. *Id.*; Ramsey Decl. ¶ 3.

Similarly, where releasing documents would violate a party's legitimate privacy interest that leads to similar risk, there is a compelling reason sufficient to justify sealing portions of documents that pose such risk. *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. C08-2581 JF (HRL), 2010 U.S. Dist. LEXIS 91832 (N.D. Cal. Aug. 13, 2010). Here, Exhibits 1 and 5 to the Naumova Decl. contain personal information and financial details of Defendant Ostling's and Sultanov's employment agreements and compensation, in which the parties to the agreement have privacy interests. Naumova Decl. ¶ 36. Public disclosure of internal compensation, financial information or other information would harm Brunswick, by allowing competitors to have access to such competitive terms, and also impair the privacy interests of the parties to the agreements. To this extent, Brunswick has specifically designated for redaction particular portions of Ostling's and Sultanov's employment agreements as "private" and "confidential." *See e.g.* Naumova Decl., ¶ 36 and Exs. 1 and 5.

Whatever the grounds, a party must "narrowly tailor" its request to sealable material only. *Landmark Screens, LLC*, No. C08-2581 JF (HRL), 2010 U.S. Dist. LEXIS 91832 (N.D. Cal. Aug. 13, 2010). Here, Brunswick has narrowly tailored its request to seal by redacting only portions of Exhibits 1-5 to the Naumova Decl., which pose the risks discussed above. Pursuant to Civil L.R. Civil 79-5 and the Court's Standing Order, Brunswick submits herein redacted versions of Exhibits 1-5 of the Naumova Decl. that are narrowly tailored to seal only confidential information. *See Karl Storz Endoscopy-America*, 2016 U.S. Dist. LEXIS 176876 at 20-22

1  (sealing confidential portions of the relevant document was appropriate under Rule 79-5).

Dated: January 3, 2017                              ORRICK, HERRINGTON & SUTCLIFFE, LLP

                                                    _____
                                                    GABRIEL M. RAMSEY
                                                    Attorneys for Plaintiffs
                                                    OOO Brunswick Rail Management and
                                                    Brunswick Rail Group Limited

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ADMINISTRATIVE MOTION
TO FILE UNDER SEAL