1  GABRIEL M. RAMSEY (STATE BAR NO. 209218)
   gramsey@orrick.com
2  JACOB M. HEATH (STATE BAR NO. 238959)
   jheath@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
4  San Francisco, CA 94105
   Telephone:   +1-415-773-5700
5  Facsimile:   +1-415-773-5759

6  MICHAEL C. TU (STATE BAR NO. 186793)
   mtu@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
8  Los Angeles, CA 90017
   Telephone:   +1-213-629-2020
9  Facsimile:   +1-213-612-2433

10 Attorneys for Plaintiffs
   OOO Brunswick Rail Management and
11 Brunswick Rail Group Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OOO BRUNSWICK RAIL MANAGEMENT, a Russian limited liability company, and BRUNSWICK RAIL GROUP LIMITED, a Bermuda company,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD SULTANOV and PAUL OSTLING, individuals,<br><br>Defendants. | Case No. CV 1700017<br><br>[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS 1-5 TO THE DECLARATION OF ELENA NAUMOVA IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, EVIDENCE PRESERVATION AND EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION |

Before the Court is Plaintiffs' OOO Brunswick Rail Management ("BRM") and Brunswick Rail Group Limited's ("BRL") (collectively "Brunswick" or "Plaintiffs") Administrative Motion to File Under Seal Portions of Exhibits 1-5 to The Declaration of Elena Naumova in Support of *Ex Parte* Application For Temporary Restraining Order, Seizure Order, Evidence Preservation And Expedited Discovery, And Order To Show Cause Re Preliminary Injunction Under Seal (the "Motion."). Upon consideration of the Motion, the pleadings filed herein and the arguments of counsel, the Court finding that the arguments of applicable rules and Ninth Circuit precedent are satisfied, that the requested order is the least restrictive means available to protect the interests of Brunswick and the public, and that there is a compelling need to enter a sealing order, THEREFORE it is hereby ORDERED that the following portions of documents be filed and maintained UNDER SEAL in accordance with Fed. R. Civ. P. 26(c)(1) and Civil L.R. Civil 79-5:

| DOCUMENT(S) AND REDACTION(S) | COURT'S ORDER |
|---|---|
| Confidential Provisions of Paul Ostling's Employment Agreement with Brunswick, filed as Exhibit 1 to the Declaration Elena Naumova in Support of *Ex Parte* Application For Temporary Restraining Order, Seizure Order, Evidence Preservation And Expedited Discovery (the "Naumova Decl.") | GRANTED |
| Confidential Provisions of Brunswick's Internal Confidentiality Policy, filed as Exhibit 2 to the Naumova Decl. | GRANTED |
| Confidential Provisions of Brunswick's Internal IT Use Policy, filed as Exhibit 3 to the Naumova Decl. | GRANTED |
| Confidential Provisions of Brunswick's Internal Information Security Policy, filed as Exhibit 4 to the Naumova Decl. | GRANTED |
| Confidential Provisions of Richard Sultanov's Employment Agreement with Brunswick, filed as Exhibit 5 to the Naumova Decl. | GRANTED |

As established by Brunswick, there are compelling reasons to permanently seal confidential portions of Exhibits 1-5 of the Naumova Decl. The sealing order requested by Brunswick is in accord with the exceptions to the general right of access to judicial records and

documents. A court may permit a party to preserve judicial records under seal if the party articulates "compelling reasons" for keeping them sealed, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Generally, a party's reasons are sufficiently compelling when the judicial record might become "a vehicle for improper purposes." *Id.*

Where releasing confidential business information that affords a competitive advantage, or disclosure of which would create the risk of a competitive injury, there is a compelling reason sufficient to justify sealing portions of documents posing such risk. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006); *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161-62 (9th Cir. 2011) (citation omitted); *Karl Storz Endoscopy-America v. Stryker Corp.*, 2016 U.S. Dist. LEXIS 176876, 20-22 (N.D. Cal. Dec. 21, 2016). Exhibits 2-4 of the Naumova Decl. reflect Brunswick's internal corporate policies and confidential business information about internal matters that are not made available or otherwise disclosed to the public. Naumova Decl. ¶ 36. Brunswick does not publicly disclose these policies as a whole given their confidential and sensitive nature. *Id.* Public disclosure of these materials would harm Brunswick by—among other things—providing an unfair advantage to Brunswick's competitors or other adversaries, if they were to have access to such internal corporate information. *Id.*; Ramsey Decl. ¶ 3.

Similarly, where releasing documents would violate a party's legitimate privacy interest that leads to similar risk, there is a compelling reason sufficient to justify sealing portions of documents that pose such risk. *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. C08-2581 JF (HRL), 2010 U.S. Dist. LEXIS 91832 (N.D. Cal. Aug. 13, 2010). Exhibits 1 and 5 to the Naumova Decl. contain personal information and financial details of Defendant Ostling's and Sultanov's employment agreements and compensation, in which the parties to the agreement have privacy interests. Naumova Decl. ¶ 36. Public disclosure of internal compensation, financial information or other information would harm Brunswick, by allowing competitors to have access to such competitive terms, and also impair the privacy interests of the parties to the agreements. To this extent, Brunswick has specifically designated for redaction particular portions of Ostling's and Sultanov's employment agreements as "private" and "confidential." *See*

1  *e.g.* Naumova Decl., ¶ 36 and Exs. 1 and 5.

2  Whatever the grounds, a party must "narrowly tailor" its request to sealable material only. *Landmark Screens, LLC*, No. C08-2581 JF (HRL), 2010 U.S. Dist. LEXIS 91832 (N.D. Cal. Aug. 13, 2010); *Karl Storz Endoscopy-America*, 2016 U.S. Dist. LEXIS 176876 at 20-22 (sealing confidential portions of the relevant document was appropriate under Rule 79-5).

IT IS FURTHER ORDERED that, for the foregoing reasons, Plaintiffs have shown that compelling reasons exists to seal unredacted versions of Exhibits 1 through 5 of the Naumova Decl. The unredacted versions of Exhibits 1 through 5 shall be filed under seal. Plaintiffs have submitted redacted versions of Exhibits 1 through 5 of the Naumova Decl. that are narrowly tailored to seal only the confidential and private information. The redacted versions of Exhibits 1 through 5 shall be filed on the public docket.

**IT IS SO ORDERED.**

Entered this __ day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE