UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OOO BRUNSWICK RAIL MANAGEMENT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD SULTANOV, et al., <br><br> Defendants. | Case No. 5:17-cv-00017-EJD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION FOR SEIZURE AND PRESERVATION ORDERS, EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION** |

Re: Dkt. No. 3

Plaintiffs OOO Brunswick Rail Management and Brunswick Rail Group Limited (together, "Brunswick") allege that defendants Richard Sultanov and Paul Ostling misappropriated Brunswick's confidential information. Complaint ¶¶ 31–48. Before the Court is Brunswick's ex parte application for:

(1) a seizure order under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836;

(2) a seizure and preservation order under Fed. R. Civ. P. 64 and 65, the Court's inherent authority, and the All Writs Act, 27 U.S.C. § 1651(a);

(3) expedited discovery;

(4) a temporary restraining order ("TRO"); and

(5) an order to show cause why a preliminary injunction should not issue.

1

Dkt. No. 3. Brunswick's motion will be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

Defendants Sultanov and Ostling are former employees of Brunswick. Brief in Support of Plaintiffs' Ex Parte Application ("Brief") at 2–3, Dkt. No. 4. Brunswick alleges that both Sultanov and Ostling misappropriated trade secrets in November and December 2016. Id. at 5.

After noticing "unusually secretive" behavior from Sultanov, Brunswick investigated his work email account and discovered that he had sent several confidential documents to his personal email account without authorization; he then deleted the sent messages and emptied his trash folder. Id. at 5–7, 9. The investigation further revealed that Sultanov had been communicating by phone with Ostling (who had since resigned from Brunswick) and a representative of one of Brunswick's creditors, whom Sultanov was explicitly prohibited from contacting. Id. at 7. Ostling, too, received unauthorized confidential materials at his personal email account (via his former personal assistant, who remained at Brunswick), which he then forwarded to the creditor's representative and to Sultanov. Id. at 8. Sultanov also refuses to return a company-issued mobile phone and laptop. Id. at 1.

Brunswick believes that Sultanov and Ostling "have already disclosed and plan to continue to disclose the trade secrets to creditors in order to disadvantage Brunswick in its ongoing negotiations" related to Brunswick's debt restructuring. Id. at 1.

## II. DISCUSSION

### A. Preservation and Seizure

Parties have a duty to preserve evidence once a complaint is filed. Echostar Satellite LLC v. Freetech, Inc., No. C-07-06124 JW, 2009 WL 8399038, at *2 (N.D. Cal. Jan. 22, 2009). To obtain an order imposing stricter preservation requirements, a party must make "some showing of a significant concern that potentially relevant evidence will be destroyed . . . ." Bright Sols. for Dyslexia, Inc. v. Doe 1, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015). To determine whether a preservation order is necessary, courts consider (1) threats to

2
Case No.: 5:17-cv-00017-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION FOR SEIZURE AND PRESERVATION ORDERS, EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION

preservation of the evidence, (2) irreparable harm likely to result to the party seeking preservation, and (3) the capability of the custodian to maintain the evidence sought to be preserved. Echostar, 2009 WL 8399308, at *2.

Brunswick has satisfied these three requirements. First, there is a risk that Sultanov and Ostling will delete relevant material from their email accounts, which are hosted by Google (for the address richard.sultanov@gmail.com) and Rackspace (for the address paul.ostling@pauljostling.com). There is also a risk that Google and Rackspace might delete material themselves (for instance, by automatically erasing emails that Sultanov or Ostling moved to their trash folders). See, e.g., Bright Sols., 2015 WL 5159125, at *3 (noting that under Google's "regular business practices, user data is routinely destroyed within months after a user deletes that information"). Second, deletion of this material would cause irreparable harm to Brunswick. Third, it is within the reasonable capabilities of Google and Rackspace to preserve material associated with Sultanov and Ostling's accounts. Brunswick's need for preservation is all the more acute because Rackspace and Google, as nonparties, have no obligation to preserve this information absent a court order. Id. at *3 (granting an order directing nonparties eBay, PayPal, and Google "to preserve documents, data, and records").

Brunswick also seeks an order directing seizure of information on Sultanov and Ostling's digital accounts by requiring Google and Rackspace to deliver physical copies to the Court with assistance from the U.S. Marshals. Brief at 16–17. The Court finds that physical copies of the data are unnecessary because Google and Rackspace will be required to preserve the data under their own custody.

Finally, Brunswick seeks an order under the DTSA to seize the company-issued laptop and mobile phone in Sultanov's possession. The DTSA provides that a "court may, upon ex parte application but only in extraordinary circumstances, issue an order providing for the seizure of property necessary to prevent the propagation or dissemination of the trade secret that is the subject of the action" 18 U.S.C. § 1836(b)(2)(A)(i). A court may issue a seizure order only if,

3

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION FOR SEIZURE AND PRESERVATION ORDERS, EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION

among other requirements, an order under Fed. R. Civ. P. 65 or another form of equitable relief would be inadequate. 18 U.S.C. § 1836(b)(2)(A)(ii). Here, the Court finds that seizure under the DTSA is unnecessary because the Court will order that Sultanov must deliver these devices to the Court at the time of the hearing scheduled below, and in the meantime, the devices may not be accessed or modified.

**C. Expedited Discovery**

Courts may allow expedited discovery for good cause. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (concluding that the "good cause" standard applies); see also MCGIP, LLC v. Does 1-26, No. 11-CV-03679 EJD, 2011 WL 3473808, at *2 (N.D. Cal. Aug. 9, 2011) ("A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. . . . Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for the early discovery.") "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276.

Brunswick fails to show good cause because it does not adequately explain the need for expedited discovery. Brunswick may request expedited discovery in a separate motion.

**D. TRO and Preliminary Injunction**

The standards for issuing a TRO and preliminary injunction are the same. New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The plaintiff must show (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

among other requirements, an order under Fed. R. Civ. P. 65 or another form of equitable relief would be inadequate. 18 U.S.C. § 1836(b)(2)(A)(ii). Here, the Court finds that seizure under the DTSA is unnecessary because the Court will order that Sultanov must deliver these devices to the Court at the time of the hearing scheduled below, and in the meantime, the devices may not be accessed or modified.

**C. Expedited Discovery**

Courts may allow expedited discovery for good cause. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) (concluding that the "good cause" standard applies); see also MCGIP, LLC v. Does 1-26, No. 11-CV-03679 EJD, 2011 WL 3473808, at *2 (N.D. Cal. Aug. 9, 2011) ("A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. . . . Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for the early discovery.") "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276.

Brunswick fails to show good cause because it does not adequately explain the need for expedited discovery. Brunswick may request expedited discovery in a separate motion.

**D. TRO and Preliminary Injunction**

The standards for issuing a TRO and preliminary injunction are the same. New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The plaintiff must show (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

4

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION FOR SEIZURE AND PRESERVATION ORDERS, EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION

A preliminary injunction is also appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v. Board of Educ. of the Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." Id.

Brunswick has satisfied the requirements for a TRO. First, Brunswick has shown that it will likely succeed on the merits of its trade secrets claims. Brunswick's evidence shows that Sultanov and Ostling improperly disseminated confidential information—e.g., by emailing documents to their personal accounts and then sending that information to third parties. That information likely constituted protectable trade secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1. Second, Brunswick has shown that it will likely suffer irreparable harm if the Court does not grant injunctive relief. Dissemination of the confidential information to Brunswick's creditors, competitors, and adverse parties in arbitration would cause Brunswick irreparable harm. Finally, the balance of equities weighs in Brunswick's favor, and a TRO would serve the public interest.

In addition, an ex parte TRO application must satisfy Fed. R. Civ. P. 65(b)(1), under which a TRO may issue only if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The declaration of Gabriel M. Ramsey in support of Brunswick's application states that "notice would render the requested relief ineffective" and that district courts in the Ninth Circuit have granted relief in similar circumstances. Dkt. No. 6 at 1–2.

**E. Service by Mail, Email, and Facsimile**

The Court declines to adopt Brunswick's proposed order for alternative means of service without a showing that such means are necessary.

**III. ORDER**

Brunswick's application is GRANTED IN PART AND DENIED IN PART. The Court orders that:

1. Within 72 hours of receiving this Order, Rackspace Hosting, Inc. and/or Rackspace US, Inc. shall preserve all data associated with the account paul.ostling@pauljostling.com. Within seven days of preservation, Rackspace Hosting, Inc. and/or Rackspace US, Inc. shall notify the Court in writing that preservation has occurred.

2. Within 72 hours of receiving this Order, Google, Inc. shall preserve all data associated with the account richard.sultanov@gmail.com. Within seven days of preservation, Google, Inc. shall notify the Court in writing that preservation has occurred.

3. Plaintiffs shall facilitate service of copies of this Order by delivery to the registered California agents for service of process for Google, Inc., Rackspace Hosting, Inc., and Rackspace US, Inc., with email copies to their in-house legal departments, subpoena compliance departments, or court order compliance departments.

4. Defendants Richard Sultanov and Paul Ostling must appear before this Court on January 20, 2017 at 10:00 a.m. in Courtroom 4 at 280 1st St., San Jose, CA 95113 to show cause why a preliminary injunction should not be made and entered under Fed. R. Civ. P. 65 granting the following relief, and that pending the hearing and ruling on Brunswick's request for a preliminary injunction, the Court issues this Order:

   a. restraining and enjoining Defendant Richard Sultanov, and all those acting in concert or participation with him, from accessing or modifying electronic devices issued to him by Brunswick, including mobile phones and laptops, unless otherwise directed by this Court;

b. directing Defendant Richard Sultanov to bring the electronic devices issued to him by Brunswick, including mobile phones and laptops, to the January 20 hearing and deliver those devices to the Court's custody;

c. restraining and enjoining Defendants, and all those acting in concert or participation with them from destroying, or disposing any evidence or other materials, in any form, relating to this action and the issues raised herein, including, without limitation, all devices, electronic media, cloud storage, telephones and all copies of any and all documents, media and/or other materials, containing, identifying, describing, reflecting or referencing Plaintiffs' confidential, proprietary, or trade secret information, and any and all documents, data and information which was obtained by Defendants from, or by virtue of their employment with Plaintiffs, including all current or archived media, emails, chats, texts, documents, electronic logs, metadata, storage, directories, telephone logs, telephones, computer, laptops, software or hardware;

d. restraining and enjoining Defendants, and all those acting in concert or participation with them, from violating their employment agreements, confidentiality agreements, IT policies, or fiduciary duties, duties of loyalty and other obligations to Plaintiffs, including without limitation the portions of their agreements prohibiting the use, disclosure or dissemination of Plaintiffs' confidential, proprietary or trade secret information, and their fiduciary duties and duties of loyalty not to use, disclose or disseminate such information; restraining and enjoining Defendants, and all those acting in concert or participation with them, from communicating confidential, proprietary or trade secret information to contractual counterparties of Plaintiffs, including any creditors or related parties, or otherwise interfering with or injuring relations, goodwill or negotiations with any

7

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION FOR SEIZURE AND PRESERVATION ORDERS, EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION

contractual counterparties, including creditors or related parties, or communicating regarding Plaintiffs' business or dealings with such parties.

**IT IS SO ORDERED.**

Dated: January 6, 2017 at 11:02 a.m.



EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION FOR SEIZURE AND PRESERVATION ORDERS, EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION