1  VENABLE LLP
   Thomas E. Wallerstein* (SBN 232086)
2  twallerstein@venable.com
   Kimberly Culp* (SBN 238839)
3  kculp@venable.com
   Yevgeniya A. Titova* (SBN 283002)
4  etitova@venable.com
   505 Montgomery Street, Suite No. 1400
5  San Francisco, CA 94111
   Telephone:    (415) 653-3750
6  Facsimile:    (415) 653-3755

7  *Specially appearing for Defendants Richard
   Sultanov and Paul Ostling for the purposes of
8  Responding to the Court's Order to Show
   Cause, opposing Plaintiffs' Motion for
9  Expedited Discovery, and contesting Personal
   Jurisdiction
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15  OOO BRUNSWICK RAIL MANAGEMENT, a       Case No. 5:17-cv-00017-EJD
    Russian limited liability company, and
16  BRUNSWICK RAIL GROUP LIMITED, a        Hon. Edward J. Davila
    Bermuda company,
17                                         DEFENDANTS' RESPONSE TO THE
                         Plaintiff,        COURT'S ORDER TO SHOW
18                                         CAUSE, DKT. NO. 15
             v.
19                                         Date:    January 20, 2017
                                           Time:    10:00 a.m.
20  RICHARD SULTANOV and PAUL OSTLING,     Dept.:   4
    individuals,
21
                         Defendant.
22

23

24

25

26

27

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

**TABLE OF CONTENTS**

Page(s)

INTRODUCTION ....................................................................................................1

STATEMENT OF FACTS ......................................................................................2

I.     PARTIES ......................................................................................................2

       A.     Plaintiffs ...........................................................................................2

       B.     Paul Ostling ......................................................................................2

       C.     Richard Sultanov ..............................................................................3

II.    PLAINTIFFS' WRONGDOING AND DEFENDANTS' LAWFUL RESPONSE ........4

       A.     All Disclosures Of Defendants Were In Good Faith, Against Their Own
              Self-Interest, And Further To Their Perceived And Actual Duties. ..................4

       B.     Defendants' Limited Disclosures Were Justified In Light Of Plaintiffs'
              Understated Projections ........................................................................7

       C.     Defendants Did Not Disclose Information Relating To The Genin
              Arbitration, Nor Disclose Any Information To Mr. Genin ................................8

       D.     Sumitomo Default Selective Disclosure .........................................10

       E.     Defendants' Whistle-Blowing Was In Good Faith And Not Threatened
              For Leverage .....................................................................................10

III.   PLAINTIFFS' OTHER ALLEGATIONS OF DEFENDANTS' ALLEGED
       MISCONDUCT ARE EQUALLY SPECIOUS. .....................................................11

       A.     Defendants' Use Of Personal Email ................................................11

       B.     Mr. Sultanov's Bonus And Overtime ...............................................12

       C.     Mr. Sultanov's Allegedly Suspicious Behavior................................13

       D.     PSINOS .............................................................................................14

ARGUMENT ........................................................................................................15

I.     THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS. .........15

       A.     This Court Lacks General Personal Jurisdiction Over Defendants ...................15

       B.     This Court Lacks Specific Personal Jurisdiction Over Defendants ..................16

       C.     Plaintiffs' Email Theory Fails to Establish Personal Jurisdiction ....................18

              1.     Plaintiffs' Theory Of Jurisdiction Is Unworkable And Leads To
                     Absurd Results..........................................................................18

i

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

2.     Defendants' Use Of Gmail Does Not Subject Them To This Court's Personal Jurisdiction With Regard To Plaintiffs' Claims ........... 18

3.     Plaintiffs Have Not Established The Factual Predicate For Their Theory Of Jurisdiction ................................................................. 19

4.     Google's Terms of Service Does Not Confer Personal Jurisdiction For This Court To Hear Plaintiffs' Claims Against Defendants ........... 20

II.    DEFENDANTS ARE AT WORST WHISTLEBLOWERS THAT ACTED CONSISTENT WITH THEIR FIDUCIARY DUTIES ................................ 20

A.    Defendants' Disclosures Are Immune From Liability .......................... 20

B.    Defendants Were Correct That They Had A Duty To Disclose. ............ 22

III.   PLAINTIFFS CANNOT OBTAIN A PRELIMINARY INJUNCTION BECAUSE THEY HAVE NOT ESTABLISHED A LIKELIHOOD OF SUCCESS ON THE MERITS. ....................................................................... 24

A.    Plaintiffs' Action As To Mr. Ostling Is Barred By The Mandatory Arbitration Clause. ............................................................................. 24

B.    Plaintiffs' Action As To Mr. Sultanov Is Barred By Russian Law ....... 25

C.    Plaintiffs Insufficiently Allege Mr. Ostling's Misappropriation Of Confidential Or Trade Secret Information ........................................... 25

D.    Plaintiffs Have Not Established A Likelihood  Of Success Because They Have Not Shown Why California (Or Any State's) Law Applies. ......... 26

IV.   PLAINTIFFS ALSO DO NOT SATISFY THE OTHER ELEMENTS NECESSARY TO OBTAIN A PRELIMINARY INJUNCTION. ................... 27

A.    Plaintiffs Have Not Established A Likelihood Of Future Irreparable Harm. ..... 27

B.    Plaintiffs Do Not Meet Their Burden Of Showing That The Balance of Equities Weighs In Favor Of An Injunction ....................................... 28

C.    Plaintiffs Do Not Meet Their Burden Of Showing That An Injunction Is In The Public Interest ........................................................................... 28

V.    THIS COURT SHOULD NOT ISSUE THE INJUNCTION AS PROPOSED ............ 29

A.    Defendants Have Complied With And Surpassed This Court's TRO Despite The Lack Of Personal Jurisdiction ....................................... 29

B.    Defendants Will Specially Appear Through Counsel On January 20. ............... 29

C.    This Court's Current TRO Is Overly Broad And Cannot Be Extended ............ 30

CONCLUSION ........................................................................................................ 31

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### <u>Cases</u>

*Abrons v. Maree,*
    911 A.2d 805 (Del.Ch.2006)..............................................................................24

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ...........................................................................19

*Calder v. Jones,*
    465 U.S. 783 (1984)............................................................................................19

*Calderon v. Total Wealth Mgmt., Inc.,*
    No. 315CV01632BENNLS, 2016 WL 7030615 (S.D. Cal. Nov. 29, 2016) ...........25

*Capital Bank Intern. Ltd. v. Citigroup, Inc.,*
    276 F. Supp. 2d 72 (D.D.C. 2003) ....................................................................15

*Clear Channel Outdoor Inc., a Delaware Corp. v. City of Los Angeles,*
    340 F.3d 810 (9th Cir. 2003) ............................................................................28

*Daimler AG v. Bauman,*
    134 S. Ct. 746 (2014).........................................................................................16

*Dist. 65, UAW v. Harper & Row, Publishers, Inc.,*
    576 F. Supp. 1468 (S.D.N.Y. 1983)..................................................................24

*Dollar Tree Stores v. Toyama Partners, LLC,*
    Nos. c10-0325, C11-2696 SI, 2011 WL 3295420 (N.D. Cal. Aug. 1, 2011) ...........23

*Friends of the Wild Swan v. Weber,*
    767 F.3d 936 (9th Cir. 2014) .......................................................................24, 28

*Gakuba v. Hollywood Video LLC,*
    No. 2:15-CV-00630-MCE-AC, 2015 WL 1537781 (E.D. Cal. Apr. 6, 2015) ...........15

*Gaudin v. Remis,*
    379 F. 3d 631 (9th Cir. 2004) ...........................................................................15

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (U.S. 2011).......................15

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.,*
    736 F.3d 1239 (9th Cir. 2013) ..........................................................................27

*High Tech Pet Prod., Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co.,*
    No. 1:13-CV-00242 AWI, 2014 WL 897002 (E.D. Cal. Mar. 6, 2014)................19

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

*Integral Sys., Inc. v. Peoplesoft, Inc.*,
No. C-90-25, 1991 WL 498874 (N.D. Cal. July 19, 1991) ...............................28

*In re JDS Uniphase Corp. Sec. Litig.*,
238 F. Supp. 2d 1127 (N.D. Cal. 2002) ........................................................21

*Jones v. 3701 J St., LLC*,
No. 2:12-CV-01516-KJM, 2013 WL 1628162 (E.D. Cal. Apr. 15, 2013) ...........30

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
453 B.R. 645 (N.D. Tex. 2011) ...................................................................23

*Lachman v. Sperry-Sun Well Surveying Co.*,
457 F.2d 850 (10th Cir. 1972) ...............................................................21, 22

*Leibman v. Prupes*,
No. 2:14-CV-09003-CAS, 2015 WL 898454 (C.D. Cal. Mar. 2, 2015).................19

*Marin Alliance for Med. Marijuana v. Holder*,
866 F. Supp. 2d 1142 (N.D. Cal. 2011) ....................................................24, 27

*N. Cheyenne Tribe v. Hodel*,
851 F.2d 1152 (9th Cir. 1988) ...............................................................28, 29

*NuboNau, Inc. v. NB Labs, Ltd*,
No. 10CV2631-LAB BGS, 2012 WL 843503 (S.D. Cal. Mar. 9, 2012)................19

*Nutrition Distribution LLC v. Driven Sports*,
No. LACV1306195JAKPLAX, 2015 WL 12645002 (C.D. Cal. Jan. 14, 2015)........27

*Off. Committee of Bond Holders of Metricom, Inc. v. Derrickson*,
No. 02-04756, 2004 WL 2151336 (N.D. Cal. Feb. 25, 2004) .............................23

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) .....................................................................18

*Planet Coffee Roasters, Inc. v. Hung Dam*,
No. SACV 09-00571-MLG, 2010 WL 625343 (C.D. Cal. Feb. 18, 2010) ............28

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .................................................................15, 16

*Shimmick Const. Co., Inc.. v. Officine Meccaniche Galletti-O.M.G. S.R.L.*,
No. 13-cv-2700-BAS (JLB) 2014 WL 5847440 (S.D. Cal. Nov. 12, 2014) ..........15

*U.S. Chess Fed'n, Inc. v. Polgar*,
No. C 08-05126 MHP, 2009 WL 3334882 (N.D. Cal. Oct. 14, 2009) .................19

*Unum Grp. v. Loftus*,
No. 4:16-CV-40154-TSH, 2016 WL 7115967 (D. Mass. Dec. 6, 2016)................21

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*,
  No. C 12-3856 PJH, 2014 WL 4312021 (N.D. Cal. Aug. 28, 2014) ...................................... 27

*Winter v. Natural Res. Def. Council*,
  555 U.S. 7 (2008) .......................................................................................................... 29

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) ........................................................................................ 19

### **Statutes**

18 U.S.C. § 1833(b)(1)(A) ................................................................................................ 21

28 U.S.C. § 1654 ........................................................................................................ 29, 30

Cal. Civ. Code § 3426.11 ................................................................................................ 21

Civ. L. R. 3-9(a) .............................................................................................................. 30

FRCP Rule 11 ................................................................................................................. 18

Russian Civil Procedure Code, Article 22 ...................................................................... 25

Russian Labor Code, Articles 9, 11,13 ..................................................................... 25, 26

### **Other Authorities**

Restatement (First) of Contracts § 577 ........................................................................... 22

Restatement (Second) of Contracts § 193 (1981) ........................................................... 22

S. Rep. No. 114-220 (2016) ............................................................................................. 21

7 Williston on Contracts § 16:14 (4th ed.) ..................................................................... 22

8 Williston on Contracts § 19:11 (4th ed.) ..................................................................... 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V E N A B L E   L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

Defendants Paul Ostling and Richard Sultanov specially appear[1] for the sole purpose of responding to the Court's order to show cause why a preliminary injunction should not be made, Dkt. No. 15.

## INTRODUCTION

Brunswick Rail's decision to hide material information from creditors, bondholders and shareholders is not a trade secret.  Exercising rights and duties to disclose information to shareholders and creditors is not misappropriation.  Brunswick Rail's lawsuit is a desperate and shameful attempt to hide its corporate wrong-doing and silence whistleblowers.

This case is not a dispute about trade secrets – Plaintiffs do not assert that Defendants started a competing business, or gave trade secrets to a competitor, or did anything else in their own self-interest.  Plaintiffs seek to misuse trade secret law to silence Mr. Ostling, the former CEO and chair of the audit committee, and Mr. Sultanov.  Indeed, in its motion for expedited discovery, Plaintiffs all but admit that they simply want to buy time and impose a gag order silencing Defendants.

Before even getting to the substance of Plaintiff's claims, there is a fatal defect to Plaintiffs' suit:  **this Court clearly lacks personal jurisdiction over Defendants, neither of whom live or work in California**.  Plaintiffs are two companies–one Russian, one Bermudian–who are suing two individuals–a resident of Russia and a resident of Connecticut–for events that occurred in Russia and allegedly caused harm only in Russia.  Nor do any of Plaintiffs' causes of action arise out of any of Defendants' minor and long passed contacts with California.

Further, Mr. Ostling's employment agreement requires disputes to be resolved via mandatory arbitration in London, decided under the law of England and Wales.  The Russian plaintiff's employment dispute with Mr. Sultanov similarly requires adjudication by Russian courts applying Russian law.  California simply has no connection to this case.

Plaintiffs' sole basis asking this Court to assert personal jurisdiction is that Defendants used "Gmail," and Google's headquarters are in this District.  Plaintiffs' logic would extend

---

[1] Defendants specifically assert and reserve their objections to lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim upon which relief can be granted, as well as to compel arbitration in an alternative forum.

1   personal jurisdiction to over one <u>billion</u> people who use web-based services like Google or

2   Yahoo.  That violates not only the Constitution, but common sense.  Although Defendants have

3   faithfully complied with this Court's TRO to date, Plaintiffs' Complaint must be dismissed and

4   the people of California and this Court simply have no interest in this dispute.

5           Plaintiffs' proposed injunction also contains numerous other critical defects discussed

6   below.  Plaintiffs do not meet the necessary burden of establishing they are likely to succeed on

7   the merits.  Moreover, Plaintiffs seek equitable relief here, but altogether ignore the balance of

8   equities and the public interest in seeking to silence Defendants from blowing the whistle

9   regarding Plaintiffs' misconduct and acting pursuant to their fiduciary duties; fatal flaws that

10  prevents granting the extraordinary remedy of a preliminary injunction as a matter of law.

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

**VENABLE LLP**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

**V E N A B L E  L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

REDACTED

**V E N A B L E  L L P**
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

REDACTED

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

REDACTED

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

REDACTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

REDACTED

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

V E N A B L E   L L P
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA  94111
415-653-3750

REDACTED

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

REDACTED

VENABLE LLP
505 MONTGOMERY STREET, SUITE 1400
SAN FRANCISCO, CA 94111
415-653-3750

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion should be denied in its entirety, and the Court's current Temporary Restraining Order, Dkt. No. 15, be discharged.

Dated: January 18, 2017                    **VENABLE LLP**


                                           By:    /s/ Thomas E. Wallerstein
                                                  Thomas E. Wallerstein (CA #232086)
                                                  505 Montgomery Street, Suite 1400
                                                  San Francisco, CA 94111
                                                  Tel: 415-653-3750
                                                  Fax: 415-653-3755
                                                  TWallerstein@Venable.com
                                                  Specially Appearing for Defendants Richard
                                                  Sultanov and Paul Ostling

RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE