UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OOO BRUNSWICK RAIL MANAGEMENT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD SULTANOV, et al., <br><br> Defendants. | Case No. 5:17-cv-00017-EJD <br><br> **ORDER DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY** <br><br> Re: Dkt. Nos. 3, 23 |

Plaintiffs OOO Brunswick Rail Management and Brunswick Rail Group Limited (together, "Brunswick") allege that defendants Paul Ostling and Richard Sultanov misappropriated Brunswick's confidential information. Complaint ¶¶ 31–48, Dkt. No. 1. This Court previously granted Brunswick's ex parte application to preserve evidence and for a temporary restraining order ("TRO") to prevent Sultanov and Ostling from disseminating the confidential information at issue. Dkt. No. 15 ("TRO Order"). The order directed Sultanov and Ostling to show cause why a preliminary injunction should not issue. Id. Brunswick has also moved for expedited discovery.

The Court held a hearing on January 20, 2017, on Brunswick's application for a preliminary injunction and its motion for expedited discovery. The Court will DENY both requests for lack of personal jurisdiction over Ostling and Sultanov.

1

United States District Court
Northern District of California

## I. BACKGROUND

Defendants Sultanov and Ostling are former employees of Brunswick. Br. in Supp. of Pls.'
Ex Parte Appl. at 2–3, Dkt. No. 4. Brunswick alleges that Sultanov improperly sent confidential
information to his personal email account; that Ostling improperly received confidential
information at his personal email account from his former assistant; and that both Defendants
improperly forwarded that information to Brunswick's creditors. Id. at 5–8. Brunswick also
alleges that Sultanov has not returned a company-issued laptop and mobile phone containing
sensitive information. Id. at 1.

To preserve evidence of the alleged misappropriation and to prevent further dissemination
of confidential materials, Brunswick filed an ex parte application for an order to seize and preserve
evidence, for expedited discovery, for a TRO, and to show cause why a preliminary injunction
should not issue. Dkt. No 3; TRO Order at 1–2. The Court ordered third parties Google and
Rackspace (the companies that provided personal email accounts to Sultanov and Ostling) to
preserve data associated with Defendants' email accounts. TRO Order at 6. The Court further
ordered Sultanov not to access or modify his company-issued laptop and phone, and to deliver
those devices to the Court at the hearing. Id. at 6–7. Finally, the Court temporarily enjoined
Sultanov and Ostling from destroying evidence and from further disseminating Brunswick's
confidential information. Id. at 7–8. The Court rejected the request for expedited discovery
because Brunswick did not show good cause, but the Court allowed Brunswick to explain its
request in a separate motion. The Court set a hearing for January 20, 2017, to show cause why a
preliminary injunction should not issue. Id. at 6.

After the Court issued its order on Brunswick's ex parte application, Brunswick filed a
supplemental brief in support of injunctive relief (Dkt. No. 17) and a motion for expedited
discovery (Dkt. No. 23). Ostling and Sultanov have filed a response to the Court's order to show
cause (Dkt. No. 32) and an opposition to Brunswick's motion for expedited discovery (Dkt. No.
23).

Case No.: 5:17-cv-00017-EJD
ORDER DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND
MOTION FOR EXPEDITED DISCOVERY

1      **II. DISCUSSION**

2          Ostling and Sultanov argue that this Court lacks general and specific personal jurisdiction

3      over them. Defs.' Resp. to the Ct.'s Order to Show Cause ("Resp.") at 15, Dkt. No. 50-3.

4          General personal jurisdiction exists in the forum where a defendant is domiciled. <u>Goodyear</u>

5      <u>Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 924 (2011); <u>Gaudin v. Remis</u>, 379 F.3d

6      631, 636 (9th Cir. 2004) ("A person's domicile is her permanent home, where she resides with the

7      intention to remain or to which she intends to return."). Defendants argue that this Court lacks

8      general personal jurisdiction because neither Defendant lives in California. Resp. at 15–16.

9      Ostling lives in Connecticut and last visited California in 2014; Sultanov used to live in California,

10     but since 2007 he has lived in Russia and has visited California only twice for brief periods. <u>Id.</u>

11     Brunswick's complaint alleges that Sultanov "maintains a residence" in Monterey, California, but

12     Defendants explain that the Monterey address is "a family friend's property that Mr. Sultanov

13     sometimes uses as a mailing address." Compl. ¶ 4; Resp. at 16. The Court finds that no general

14     personal jurisdiction exists because Defendants are not domiciled in California.

15         Specific personal jurisdiction exists if three conditions are met: (1) the defendant

16     purposefully directed activities toward the forum or purposefully availed itself of the benefits and

17     protections of the forum's laws; (2) the claim arises out of the defendant's forum-related activities;

18     and (3) exercise of jurisdiction would be reasonable. <u>Schwarzenegger v. Fred Martin Motor Co.</u>,

19     374 F.3d 797, 802 (9th Cir. 2004). Ostling and Sultanov argue that this Court lacks specific

20     personal jurisdiction for several reasons. First, they live elsewhere and have no current ties to the

21     state. Resp. at 16–17. Second, their employment agreements are governed by the laws of Russia,

22     Bermuda, the United Kingdom, and Wales. <u>Id.</u> at 17. Third, Brunswick's claims do not arise from

23     any activity that happened in California. <u>Id.</u> Sultanov was not in California when he sent

24     information to his personal email account; Ostling was not in California when he received

25     materials at his personal email account from his former assistant; neither of them was in California

26     when they forwarded the information; the recipients of those emails were also not in California;

27

28     Case No.: <u>5:17-cv-00017-EJD</u>
       ORDER DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND
       MOTION FOR EXPEDITED DISCOVERY

United States District Court
Northern District of California

1    and the dissemination of the information at issue had no effect in California. Id. If Brunswick

2    suffered harm because of Ostling's and Sultanov's actions, it was only in Russia (as to OOO

3    Brunswick Rail Management) or Bermuda (as to Brunswick Rail Group Limited). Id. Since

4    Ostling and Sultanov have no ties to California and no reason to anticipate being sued in

5    California, it would be unreasonable for this Court to exercise personal jurisdiction over them. Id.

6        In response, Brunswick argues that specific personal jurisdiction exists because Ostling

7    and Sultanov both emailed confidential information to Gmail addresses. Pls.' Suppl. Br. in Supp.

8    of Ex Parte Appl. ("Suppl. Br.") at 2–3, Dkt. No. 17. Sultanov sent information to his personal

9    Gmail account, and Ostling sent information to the personal Gmail account of Brunswick's Chief

10   Financial Officer. Id. According to Brunswick, Ostling and Sultanov's use of Gmail creates

11   personal jurisdiction in California because Gmail is a service of Google, Inc., which is

12   headquartered in California, and the Gmail servers may be located in California. Id.

13       Brunswick offers two justifications for this theory. First, Google's terms of use contain a

14   forum selection clause indicating that claims will be litigated exclusively in the federal and state

15   courts of Santa Clara County. Id. at 3. This argument fails, however, because Google's terms of

16   use apply only to disputes with Google. Resp. at 20 ("These terms control the relationship between

17   Google and you. They do not create any third party beneficiary rights.").

18       Second, Brunswick argues that Ostling and Sultanov "have purposefully availed

19   themselves of California and meet the 'effects' test establishing specific jurisdiction." Suppl. Br.

20   at 3. Under Brunswick's theory, every one of Gmail's one billion users (Resp. at 18) would be

21   subject to personal jurisdiction in California based solely on their email activity. Jurisdiction

22   would also extend to non-Gmail users who send messages to Gmail recipients. The cases

23   Brunswick cites do not support such an expansive theory. See U.S. Chess Fed'n, Inc. v. Polgar,

24   No. C 08-05126 MHP, 2009 WL 3334882 (N.D. Cal. Oct. 14, 2009) (holding that personal

25   jurisdiction existed when a Washington defendant gained unauthorized access to the email account

26   of a California plaintiff); Bancroft & Masters, Inc. v. Augusta Nat'l. Inc., 223 F.3d 1082, 1088

27

28   Case No.: 5:17-cv-00017-EJD
     ORDER DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND
     MOTION FOR EXPEDITED DISCOVERY

4

United States District Court
Northern District of California

(9th Cir. 2000) (holding that personal jurisdiction existed when an Illinois defendant registered a domain name in an attempt to "extort compensation" from a California plaintiff); <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199 (9th Cir. 2006) (holding that personal jurisdiction existed when a French defendant sent a cease-and-desist letter, effected two services of process, and obtained two orders in French courts directing a California plaintiff to take action in California); <u>Leibman v. Prupes</u>, No. 2:14-cv-09003-CAS(VBKx), 2015 WL 898454, at *10 (C.D. Cal. Mar. 2, 2015) (holding that personal jurisdiction existed where a New Jersey defendant sent extortionate emails to a California plaintiff, and noting that "isolated emails may rarely, if ever, give rise to personal jurisdiction, because they are by their nature not tied to specific physical locations. . . . Here, it is defendant's alleged actions of sending extortionate emails to a targeted California resident that create minimum contacts with California"); <u>Facebook, Inc. v. ConnectU LLC</u>, No. C 07-01389 RS, 2007 WL 2326090, at *2 (N.D. Cal. Aug. 13, 2007) (holding that personal jurisdiction existed where Washington defendants gained unauthorized access to Facebook accounts "by logging into Facebook using borrowed or falsified login information" and, once logged in, scraped data from users' profiles); <u>Dole Food Co., Inc. v. Watts</u>, 303 F.3d 1104 (9th Cir. 2002) (holding that personal jurisdiction existed where European defendants fraudulently induced a California company to lease warehouse space in the Netherlands); <u>Dinar Corp. Inc. v. Sterling Currency Group</u>, LLC, No. 2:13-cv-02106-APG-PAL, 2014 WL 4072023 (D. Nev. Aug. 15, 2014) (finding a lack of personal jurisdiction in Nevada where a Nevada company sued a Georgia competitor for spreading disparaging information online); <u>NetApp, Inc. v. Nimble Storage, Inc.</u>, 41 F. Supp. 3d 816 (N.D. Cal. 2014) (finding that personal jurisdiction existed where an Australian resident gained unauthorized access to computer systems in California); <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770 (1984) (holding that personal jurisdiction existed in New Hampshire where a New York plaintiff sued an Ohio defendant that circulated magazines in New Hampshire).

Case No.: <u>5:17-cv-00017-EJD</u>
ORDER DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY

1    The cases Brunswick cites are distinguishable from the present dispute.[1] All of them

2    involved harm that occurred <u>in the forum state</u>. <u>See, e.g.</u>, <u>U.S. Chess Fed'n</u>, 2009 WL 3334882

3    (involving harm to a California plaintiff when a Washington defendant intruded into the plaintiff's

4    email account); <u>Leibman</u>, 2015 WL 898454 (involving harm to a California plaintiff who received

5    extortionate emails from a New Jersey defendant); <u>Keeton</u>, 465 U.S. 770 (involving libel that

6    occurred in the forum state, New Hampshire, that injured a New York plaintiff). In this case, by

7    contrast, Ostling and Sultanov's use of Gmail was incidental to the harms Brunswick alleges in its

8    complaint. Brunswick alleges that it was harmed when Ostling and Sultanov improperly

9    disseminated confidential information, but Brunswick has not established that it suffered harm <u>in</u>

10    <u>California</u>.

11    The Court concludes that Brunswick has not met its burden of showing that the Court has

12    personal jurisdiction over Ostling and Sultanov. <u>Boschetto v. Hansing</u>, 539 F.3d 1011, 1016 (9th

13    Cir. 2008) (holding that the plaintiff bears the burden of showing the defendant's connection to the

14    forum). Brunswick contends that, at the preliminary injunction stage, a plaintiff "need only make a

15    prima facie showing of jurisdictional facts to withstand the motion to dismiss. . . . That is, the

16    plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant."

17    Pls.'s Reply Br. in Supp. of Mot. for TRO at 2, Dkt. No. 47 (quoting <u>Ballard v. Savage</u>, 65 F.3d

18    1495, 1498 (9th Cir. 1995)). However, even if true, Brunswick's allegations—that Ostling and

19    Sultanov sent confidential materials to Gmail accounts, and that Google and its servers are located

20    in California—do not establish specific personal jurisdiction. <u>Id.</u> at 2–8. Brunswick has also failed

21    to show that Sultanov's use of a Monterey address is sufficient to establish that he is domiciled in

---

[1] Brunswick also cites <u>SolarBridge Techs., Inc. v. Ozkaynak</u>, No. C 10-cv-03769-EJD, 2012 WL 2150308 (N.D. Cal. June 12, 2012), in which a defendant in Turkey used a Yahoo! Inc. email address to misappropriate trade secrets belonging to a Delaware company based in Texas. This Court held that personal jurisdiction existed because Yahoo! is based in San Jose, California. <u>Id.</u> at *3–4. In that case, the defendant did not file an answer or otherwise respond to the complaint. <u>Id.</u> at *1. The plaintiffs moved for default judgment and a preliminary injunction, which the defendant did not oppose. <u>Id.</u> Here, by contrast, Ostling and Sultanov have raised appropriate challenges to personal jurisdiction.

Case No.: 5:17-cv-00017-EJD
ORDER DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND
MOTION FOR EXPEDITED DISCOVERY

1   California. Compl. ¶ 4; <u>Resp.</u> at 16.

2       The parties offer several other arguments for and against injunctive relief and expedited

3   discovery. Because this Court lacks personal jurisdiction over the Defendants, it may not

4   adjudicate these remaining issues. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 575 (1999)

5   ("Personal jurisdiction . . . is an essential element of district court jurisdiction, without which the

6   court is powerless to proceed to an adjudication.").

7       **III. CONCLUSION**

8       Brunswick has not shown that this Court has personal jurisdiction over Ostling and

9   Sultanov. The Court orders as follows:

10      1.      The Court DENIES Brunswick's application for a preliminary injunction and its

11  motion for expedited discovery.

12      2.      The Court's order granting a temporary restraining order (Dkt. No. 15) is

13  DISSOLVED.

14      3.      At the hearing on January 20, 2017, counsel for Defendants indicated that counsel

15  would prevent anyone from accessing or modifying the company-issued laptop and mobile phone

16  that Brunswick issued to Sultanov. The laptop and mobile phone shall remain in the custody of

17  Defendants' counsel and shall not be accessed or modified without a court order.

18

19      **IT IS SO ORDERED.**

20  Dated: January 20, 2017

21  

22  _____
    EDWARD J. DAVILA

23  United States District Judge

24

25

26

27

28

Case No.: <u>5:17-cv-00017-EJD</u>
ORDER DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND
MOTION FOR EXPEDITED DISCOVERY

United States District Court
Northern District of California