UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OOO BRUNSWICK RAIL MANAGEMENT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD SULTANOV, <br><br> Defendant. | Case No. 5:17-cv-00017-EJD <br><br> **ORDER GRANTING DEFENDANT RICHARD SULTANOV'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 86 |

Plaintiffs OOO Brunswick Rail Management and Brunswick Rail Group Limited (together, "Brunswick") allege that Defendant Richard Sultanov misappropriated Brunswick's confidential information. Compl. ¶¶ 31–48, Dkt. No. 1. Sultanov moves to dismiss for lack of personal jurisdiction. Sultanov's motion will be GRANTED.

## I. BACKGROUND

Sultanov is a former Brunswick employee. Compl. ¶ 21. Brunswick alleges that Sultanov improperly sent confidential information to his personal Gmail account and forwarded that information to Brunswick's creditors. Id. ¶¶ 35–45. Brunswick filed an ex parte application for an order to seize and preserve evidence, for expedited discovery, for a temporary restraining order,

and to show cause why a preliminary injunction should not issue. Dkt. No. 3. This Court ordered evidence to be preserved, enjoined dissemination of Brunswick's confidential information, and set a preliminary injunction hearing. Dkt. No. 15. After the hearing, this Court denied Brunswick's application for a preliminary injunction for lack of personal jurisdiction (Dkt. No. 52) but allowed Brunswick to conduct limited jurisdictional discovery (Dkt. No. 83). Jurisdictional discovery has now been completed, and Sultanov moves to dismiss under Fed. R. Civ. P. 12(b)(2).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(2) allows dismissal for lack of personal jurisdiction. When the motion to dismiss is a defendant's first response to the complaint, the plaintiff need only make a prima facie showing that personal jurisdiction exists. See Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). While a plaintiff cannot " 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true" and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (quoting Amba Marketing Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977), and citing AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)). Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

## III. DISCUSSION

Sultanov argues that this case must be dismissed because he is not subject to general or specific personal jurisdiction in this district. Def.'s Mot. to Dismiss ("MTD"), Dkt. No. 86. The Court agrees.

### A. General Personal Jurisdiction

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). "Unless a

2

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING DEFENDANT RICHARD SULTANOV'S MOTION TO DISMISS

defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006). In "rare instances," courts have exercised general jurisdiction "when the individual's contacts with a forum are so substantial that 'the defendant can be deemed to be present in that forum for all purposes,' " but "frequent visits to a forum, [or] owning property in a forum, do not, alone, justify the exercise of general jurisdiction." Hendricks v. New Video Channel Am., LLC, No. 2:14-CV-02989-RSWL-S, 2015 WL 3616983, at *4 (C.D. Cal. June 8, 2015).

Sultanov was born in Russia and moved to California in 1998. MTD 1; Pls.' Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 2, Dkt. No. 97. He attended high school in Carmel and college at the University of California at Davis. Opp'n 2–3. He is a U.S. citizen and has a passport and Social Security number. Id. He left the United States in 2007 and now lives and works in Russia. MTD 3–4. Over the past decade, he has spent approximately 20 days in California. Id.; Def.'s Reply in Support of Mot. to Dismiss ("Reply") 5, Dkt. No. 98. He has not visited California during the last four years. MTD 7.

Brunswick presents several reasons why it believes Sultanov is domiciled in California or has contacts with California that are sufficiently continuous and systematic to establish general personal jurisdiction. First, it points to Sultanov's use of a mailing address in Monterey as evidence that Sultanov "maintains his status as a resident of California and Monterey County . . . ." Opp'n 15. Sultanov does not dispute that he receives mail and packages at that address, or that (as discussed below) the address is associated with his U.S. driver's license, bank accounts, and credit cards. Opp'n 7–8, 15, 18–19. But he contends that the address is nothing more than the location of "a family friend's property that [he] sometimes uses as a mailing address." MTD 6–7. It is not his residence—he says that he resides in Russia, and he does not maintain a residence or own real property in Monterey or anywhere else in the United States. Id. at 2, 6–7.

Brunswick shows that Sultanov has used the address when filling out certain forms or to receive mail, but it offers no evidence that Sultanov has ever physically resided there.

Second, Sultanov has a checking account at Bank of America that includes the notation "DBA: Richard Sultanov Consulting." Opp'n 4–5, 15–16. The account is associated with the Monterey address. Id. at 15. According to Brunswick, this notation shows that Sultanov operates a sole proprietorship with its principal place of business in California. Id. The account received a payment of $13,000 from Paul Ostling (who was formerly a defendant in this action) for rendering services for a company called PSINOS. Id. at 15, 23. Sultanov responds that this consulting business "does not exist and has never existed," that he has never established any kind of business entity in California, and that he "agreed to add that notation to his personal checking account at the suggestion of a bank employee" in order to obtain certain unspecified benefits. Reply 7. Brunswick has not identified any business activity that Sultanov has conducted in California.

Third, Sultanov has a California driver's license that he renewed most recently in 2016. Opp'n 7–8. He used the Monterey address. Id. The license renewal form required Sultanov to agree to the following language: "I consent to receive service of process at this mailing address pursuant to [three sections] of the Civil Procedure Code." Id. at 8. Brunswick argues that Sultanov consented to personal jurisdiction by agreeing to this clause, but Sultanov responds that consent to service of process is not the same as consent to personal jurisdiction. See id.; Reply 8; AM Trust v. UBS AG, No. 15-15343, 2017 WL 836080, at *2 (9th Cir. Mar. 3, 2017) ("Nor does [Defendant's] acceptance of service of process in California in this case amount to consent to personal jurisdiction in that state. Service of process and personal jurisdiction are two different things.").

Fourth, Sultanov has filed U.S. tax returns since 2007. Opp'n 7. In doing do, Brunswick argues, he "avails himself of the benefits of federal tax exemptions to avoid paying certain amounts when filing his federal tax returns." Id. Sultanov clarifies that he claims the Foreign Earned Income Exclusion using his Moscow address because he permanently resides outside the United States, as IRS guidelines require. MTD 3, 7; Reply 6.

4

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING DEFENDANT RICHARD SULTANOV'S MOTION TO DISMISS

Fifth, Sultanov received jury summonses from the California Superior Court for the County of Monterey in 2012, 2014, and 2016. Opp'n 6. "Tellingly," Brunswick argues, Sultanov did not check the box labeled "I am not a resident of Monterey County." Id. According to Brunswick, this proves that "Sultanov actively maintains the position that he is a Monterey County resident . . . ." Id. Brunswick's argument lacks merit. Rather than check the box stating that he is not a Monterey County resident, Sultanov checked the adjacent box labeled "I am not domiciled in the state of California. I am domiciled in Moscow, Russia." Sultanov Decl. Ex. A at 5, Dkt. No. 86-2. By implication, Sultanov declares that he is not a resident of any California county.

The Court finds that Brunswick has not established that Sultanov is domiciled in California. Nor has Brunswick shown that Sultanov's connections are "so substantial, continuous, and systematic that [he] can be deemed to be 'present' " in California. Yahoo! Inc.,433 F.3d at 1205. As such, this Court lacks general personal jurisdiction over him.

### B. Specific Personal Jurisdiction

Specific personal jurisdiction exists when (1) the non-resident defendant purposefully directs activities to the forum or purposefully avails itself of the privilege of conducting activities in the forum, (2) the claim arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). The plaintiff bears the burden of satisfying the first two prongs. Schwarzenegger, 374 F.3d at 802.

Brunswick first argues that personal jurisdiction exists because Sultanov used his Gmail account (provided by Google, which is headquartered in California) to improperly disseminate confidential information. Opp'n 20–22. The Court considered and rejected this argument in its order denying Brunswick's application for a preliminary injunction. Dkt. No. 52 at 4–6.

Second, Brunswick revives the theory that specific jurisdiction exists because Sultanov consented to a California forum selection clause when he signed up for a Gmail account. Opp'n

5

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING DEFENDANT RICHARD SULTANOV'S MOTION TO DISMISS

20–21. The Court has also rejected this argument. Dkt. No. 52 at 4.

Third, Brunswick argues that Sultanov "intentionally and voluntarily" sent his company-issued phone and laptop to his counsel in San Francisco. Opp'n 10, 22. But Sultanov was not acting voluntarily; he was compelled to produce the phone and laptop by order of this Court. Dkt. No. 15 at 6–7 ("the Court issues this Order . . . directing Defendant Richard Sultanov to bring the electronic devices issued to him by Brunswick, including mobile phones and laptops, to the January 20 hearing and deliver those devices to the Court's custody").

Fourth, Brunswick notes that Sultanov received $13,000 in a California checking account from Paul Ostling around the same time as his alleged misconduct. Opp'n 23–24. The timing raises questions about the nature of the payment and its connection to the events underlying Brunswick's allegations. But to establish personal jurisdiction in California, Brunswick must show more than the fact that Sultanov received a payment at a bank account that is associated with an address in Monterey. Despite having had the opportunity to conduct jurisdictional discovery—including discovery of Sultanov's bank accounts and other financial information—Brunswick has not established that the claims in this case arise out of the payment from Ostling. See Schwarzenegger, 374 F.3d at 802 (holding that the plaintiff bears the burden of showing that claims arise out of the defendant's forum-related activities).

Brunswick's evidence shows that Sultanov's alleged misconduct caused harm almost exclusively in Russia. Brunswick has not established that Sultanov had contacts with California sufficient to confer specific personal jurisdiction.

**C.     National Contacts under Rule 4(k)(2)**

Brunswick argues that Sultanov is subject to personal jurisdiction under Fed. R. Civ. P. 4(k)(2), which allows federal courts to exercise personal jurisdiction in federal question cases where foreign defendants lack sufficient contacts with a particular state. Opp'n 20; Getz v. Boeing Co., 654 F.3d 852, 859 (9th Cir. 2011). Under Rule 4(k)(2), a court may exercise personal jurisdiction if (1) the claim arises under federal law, (2) the defendant is not subject to personal jurisdiction of any state court of general jurisdiction, and (3) the exercise of personal jurisdiction

6

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING DEFENDANT RICHARD SULTANOV'S MOTION TO DISMISS

comports with due process. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1159 (9th Cir. 2006). As with personal jurisdiction in a particular forum state, a defendant is subject to personal jurisdiction only if he or she has "minimum contacts" with the United States such that "the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice." Id. at 1155, 1159 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945)).

In addition to the $13,000 payment discussed above, Brunswick's theory of national contacts rests on two facts. First, around the time of the alleged misconduct, Sultanov contacted the Securities and Exchange Commission ("SEC") and filed an SEC whistleblower complaint. Opp'n 22. Sultanov claimed that Brunswick was engaged in corporate fraud and shareholder interference, and he expressed his willingness to come to the United States for a meeting with the SEC. Ramsey Decl. Exs. 21, 22, Dkt. Nos. 96-15, 96-16. Brunswick's sole allegation in its complaint regarding Sultanov's whistleblower complaint reads:

> On December 16, 2016, Sultanov made a communication to Brunswick's outside counsel in the United Kingdom, through Ostling, in which he threated to complain to regulatory authorities unless Brunswick dropped its investigation of Sultanov's conduct.

Compl. ¶ 41.

However, none of Brunswick's claims arise out of Sultanov's SEC complaint. Brunswick argues that "[i]t is settled that where a party directs their activities to and avails themselves of the rights and privileges of a United States government agency, such as the SEC, that this constitutes sufficient contacts with the U.S. to provide jurisdiction under Rule 4(k)(2) in disputes related to those contacts." Opp'n 23. But the cases Brunswick cites do not support this view. Opp'n 23. First, In re LDK held that personal jurisdiction existed over foreign defendants who authorized misleading statements in SEC filings—so, unlike here, the claims in In re LDK arose from the SEC filings themselves. In re LDK Solar Sec. Litig., No. C0705182WHA, 2008 WL 4369987, at *6–7 (N.D. Cal. Sept. 24, 2008). Second, In re Automotive held that, under the Clayton Act, personal jurisdiction in a specific district can be based on foreign defendants' contacts with the United States as a whole—but it does not suggest that filing a whistleblower complaint is enough.

7

Case No.: 5:17-cv-00017-EJD
ORDER GRANTING DEFENDANT RICHARD SULTANOV'S MOTION TO DISMISS

In re Auto. Refinishing Paint Antitrust Litig., 358 F.3d 288, 297–99 (3d Cir. 2004). Brunswick offers no direct support for the view that someone who files an SEC whistleblower complaint is subject to U.S. personal jurisdiction for claims that do not arise from the contents of that complaint.

Second, in the Connecticut action involving Paul Ostling, Brunswick issued a third-party subpoena to Google seeking Sultanov's emails. OOO Brunswick Rail Mgmt. v. Ostling, 3:17-cv-00114-AVC (D. Conn.) ("Conn Dkt."), Dkt. No. 92. Ostling moved to quash. Id. Sultanov, a non-party, "specially appear[ed] solely for the purposes of joining in Paul Ostling's motion" and indicated that he permanently resides in Russia and "does not consent to the jurisdiction of any United States Court." Conn. Dkt. No. 117 at 1. Contrary to Brunswick's assertions, Sultanov did not waive his jurisdictional objections by specially appearing in the Connecticut action. Brunswick's position would force Sultanov to make the unfair choice between consenting to personal jurisdiction and giving up the opportunity to object to Brunswick's subpoena. Here, Sultanov's limited appearance was consistent with his position that he is not subject to personal jurisdiction in U.S. courts.

The Court finds that Brunswick has not established that Sultanov's contacts with the United States support personal jurisdiction under Rule 4(k)(2).

## IV. CONCLUSION

Because Brunswick has not made a prima facie showing that personal jurisdiction exists, Sultanov's motion to dismiss is GRANTED without leave to amend. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 6, 2017

EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:17-cv-00017-EJD
ORDER GRANTING DEFENDANT RICHARD SULTANOV'S MOTION TO DISMISS